**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**FRANKIE TERRELL JONES** **PETITIONER**

**v.** **No. 3:25CV199-SA-JMV**

**WARDEN ANGELENA JOHNSON** **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* petition of Frankie Terrell Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Jones has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

**Facts and Procedural Posture[1]**

**Convictions and Sentences**

On January 20, 2017, a jury found Jones guilty of first-degree murder and felon in possession of a firearm. **Exhibit A** (Judgment of the Court and Sentencing Order); *see also* Doc. 11-1 at 142–43, 149–50; Doc. 11-6 at 54–55 (SCR, 2017-KA-253-SCT, Vol. 1 at 141–42; Vol. 6 at 504–05).[2] The same day, the Calhoun County Circuit Court sentenced Jones as a habitual offender to serve concurrent terms of life imprisonment on his first-degree murder conviction and ten years on his felon-in-possession conviction in the custody of the Mississippi Department of Corrections (MDOC). **Exhibit A**; *see also* Doc. 11-1 at 149–50; Doc. 11-6 at 64–65 (SCR, 2017-KA-253-SCT, Vol. 1 at 148–49; Vol. 6 at 514–15).

---

[1] The Court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

**Direct Appeal**

On appeal, Jones argued *Batson* violations, insufficiency of the evidence, and ineffective assistance of trial counsel. Doc. 11-8 (SCR, 2017-KA-253-SCT, Briefs). On September 6, 2018, the Mississippi Supreme Court rejected Jones' arguments and affirmed his convictions and sentences. **Exhibit B** (*Jones v. State*, 252 So.3d 574 (Miss. 2018)). Jones did not seek certiorari review in the United States Supreme Court.

**State Motion for Post-Conviction Collateral Relief**

Three years later, on September 7, 2021, Jones, through his state appellate counsel, filed a motion for post-conviction collateral relief in the Mississippi Supreme Court. Doc. 11-10 (SCR, 2021-M-1010). Jones raised claims regarding ineffective assistance of trial counsel. Doc. 11-10 (SCR, 2021-M-1010). On October 15, 2021, the Mississippi Supreme Court denied Jones' PCR motion. **Exhibit C**. The Mississippi Supreme Court dismissed Jones' request for reconsideration, holding that "reconsideration of the denial of a petition for post-conviction relief is not permitted by M.R.A.P. 27[.]" **Exhibit D**.

**Federal Petition for Writ of *Habeas Corpus***

Jones signed and filed his federal petition for writ of *habeas corpus* on June 24, 2025. Doc. 1. Jones argues that his "alibi" or "witness" lied; that he had "insufficient counsel"; that he "had a hung jury but the police kept pressurin[g] the jury to make a decision"; that the jury "didn't say life without parole"; and that he "need[s] a better lawyer cause now [he's] ready for [the] Supreme Court." Doc. 1. He claims that he "told them the truth" and that he is "innocent and got found guilty." Doc. 1 at 5, 7, 10. He admits that he has not exhausted all his claims but states that he "didn't have no lawyer or anyway to let anybody know." Doc. 1 at 12; *see also* Doc. 1 at 5 (stating that he "couldn't afford a lawyer"); Doc. 1 at 10 (same). In explaining the tardiness of his petition, in paragraph 18 ,Jones states

that he has "yet to buy a lawyer probably for sure next year [his] mother should be able to afford one." Doc. 1 at 13.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Thus, unless the exceptions of § 2244(d)(1)(B-D) apply, under the Antiterrorism and Effective Death Penalty Act (AEDPA), the petitioner must file his *habeas corpus* petition within one year of the date his judgment of conviction becomes final – subject to tolling while a properly filed motion for post-conviction collateral relief is pending in state court.[3]

[3] The exceptions of § 2244(d)(1)(B–D) do not apply in the present case. There was no impediment to filing under § 2244(d)(1)(B), nor has the petitioner identified a newly recognized constitutional right made retroactive on collateral review – or alleged the existence of a factual predicate to impact the limitations period under § 2244(d)(1)(C)–(D).

**Jones' Conviction Became Final on December 5, 2018**

The Mississippi Supreme Court affirmed Jones' convictions and sentences on September 6, 2018. **Exhibit B**. Jones did not file a certiorari petition in the United States Supreme Court, so his judgment became final when his 90-day period for doing so expired on December 5, 2018. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner fails to seek certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of his time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires"); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (if a petitioner stops the appeal process before reaching the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires").

Under 28 U.S.C. § 2244(d)(1)(A), Jones had one year from December 5, 2018—until December 5, 2019—to file a federal petition for writ of *habeas corpus* in this Court, absent statutory or equitable tolling or other applicable exception. As discussed below, Jones is entitled neither to statutory nor equitable tolling; nor does the actual innocence exception apply. Hence, his petition filed in June 2025 is untimely and must be dismissed.

**Statutory Tolling Does Not Apply**

To enjoy statutory tolling of the one-year limitations period for a federal petition for *habeas corpus* relief, Jones must have properly filed a state application for post-conviction collateral relief as contemplated by 28 U.S.C. § 2244(d)(2), *before* December 5, 2019, the date his federal *habeas corpus* limitations period was set to expire. Jones, through counsel, filed his PCR motion on September 7, 2021, nearly 2 years *after* the expiration of that deadline. Doc. 11-10 (SCR, 2021-M-1010). As such, he did not enjoy statutory tolling during the pendency of his PCR motion. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (petitioner was not entitled to statutory tolling because "he never 'properly filed' a state *habeas corpus* petition during the limitations period");

*Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a state *habeas corpus* application did not toll the limitations period under section 2244(d)(2) because it was not filed until *after* the period had expired). Hence, Jones' *habeas corpus* petition remained due by December 5, 2019.

**Equitable Tolling Does Not Apply**

Neither does the petitioner enjoy equitable tolling of the limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645–46 (2010), *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To meet his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § [2254 petition]. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed. 2d 924

(2007) (applied in the context of the one-year limitations period under 28 U.S.C. § 2255). The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Further, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (internal quotation and citation omitted); *see also Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713–14 (5th Cir. 1999); *Alexander*, 294 F.3d at 629. Likewise, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable time period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

A *pro se* prisoner's limited access to outside information likewise does not constitute a "rare and exceptional" circumstance to excuse untimely filing. *Fisher*, 174 F.3d at 713–14 (holding that the miscalculation of a *habeas* limitations period, even by a *pro se* petitioner, is not grounds for equitable tolling and rejecting petitioner's claim that his confinement limited his ability to pursue his rights diligently because "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information"). Nor is proceeding *pro se* on federal *habeas corpus* review a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder*, 204 F.3d at 170.

In this case, Jones has not met his burden, as he has provided no valid basis for equitable tolling of his federal *habeas corpus* limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He merely alleges that he did not know what to do and could not afford an attorney. Jones was, however, represented by counsel on direct appeal – as well as his state post-conviction proceeding. In any event, even if he had proceeded *pro se* in state court, neither a *pro se* prisoner's

ignorance of the law nor his limited access to outside information rise to the level of a "rare and exceptional" circumstance sufficient to excuse untimely filing. *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013) ("neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling").

**Jones Did Not Diligently Pursue His Rights**

Jones did not use reasonable diligence in pursuing his right to challenge his conviction and thus does not enjoy equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). The Mississippi Supreme Court affirmed Jones' convictions and sentences on September 6, 2018; Jones, however, waited exactly three years to file his motion for post-conviction collateral relief. He filed his federal *habeas corpus* petition in June 2025 – more than three-and-a-half years after the Mississippi Supreme Court denied both his PCR motion in October 2021 and his motion for reconsideration in December 2021. Clearly Jones was not reasonably diligent in pursuing his federal *habeas corpus* claims challenging his 2017 convictions and sentences, and that lack of diligence precludes his reliance on equitable tolling of the limitations period to render the instant petition timely. *See Pace*, 544 U.S. at 419; *see also Palacios*, 723 F.3d at 604–08. For these reasons, Jones has not met his burden to show that he is entitled to equitable tolling, and his federal petition remained due by December 5, 2019.

**Jones Has Not Presented a Valid Claim of Actual Innocence Sufficient to Overcome the Untimeliness of His Petition**

To overcome the expiration of the AEDPA statute of limitations with a claim of actual innocence, a petitioner must produce new evidence sufficient to persuade the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin*, *v. Perkins*, 569 U.S. 383, 386 (2013).

In this case, Jones argues that he "told them the truth" and that he is "innocent and got found guilty." Doc. 1 at 5, 7, 10. He claims that the witness he believed would provide an alibi lied – and that the GPS on his phone would have "t[old] exactly where [he] was." Doc. 1 at 5. These allegations do not meet Jones' burden to prove actual innocence. To do so, Jones must: (1) present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) that, in light of this new evidence, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006)) (citing *Schlup*, 513 U.S. at 299). "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [Jones'] personal knowledge or reasonable investigation.'" *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019), *cert. denied,* 140 S. Ct. 277 (2019) (citations omitted).

Jones' allegations that he can show his innocence through cellular phone records are neither new, nor reliable, nor outside his knowledge. Indeed, a criminal defendant's protestations of innocence are commonplace – and do not show that it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House*, 547 U.S. at 537 (2006)). Any cellular telephone records available at the time the instant petition was filed were certainly available at the time of Jones' trial; hence, those records do not constitute new evidence. In addition, the records were not outside his knowledge. For these reasons, Jones has not met the standard to show that he is actually innocent of the crimes of his conviction; as such, he may not benefit from that exception to overcome the untimeliness of his petition. The deadline for filing his federal petition thus remains December 5, 2019.

**Timeliness Calculation**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Jones signed his federal petition on June 24, 2025. Using that as the filing date, the instant petition was filed over 4½ years after the *habeas corpus* deadline expired on December 5, 2019. As discussed above, neither statutory nor equitable tolling – nor the actual innocence exception – render Jones' petition timely.

For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of September, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE